# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10626

_____

SHELBY YOUNG,
TYLER YOUNG,

                                          Plaintiffs-Appellants,

*versus*

WAL-MART STORES EAST, LP,
WAL-MART REAL ESTATE BUSINESS TRUST,

                                          Defendants-Appellees,

THOMAS SCOTT OWEN,

                                          Defendant.

2                          Order of the Court                          24-10626

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:21-cv-00197-TCB

_____

Before BRANCH and LAGOA, Circuit Judges.

BY THE COURT:

    We issued a jurisdictional question regarding the district court's subject matter jurisdiction under 28 U.S.C. § 1332 and, specifically, the citizenship of appellee Wal-Mart Real Estate Business Trust (the "Trust"). In their responses, the parties agree that the Trust's citizenship was not adequately pled and that it is a Delaware statutory trust that adopts the citizenship of its beneficiaries. Appellants assert that evidence regarding the Trust's beneficiaries may be necessary to determine its citizenship.

    Appellees submitted with their response an Amended Certificate of Interested Persons ("CIP") and a declaration from Wal-Mart, Inc.'s Senior Lead Counsel that describe the appellees' organizational structure. Those documents confirm that the Trust is a Delaware statutory trust whose sole beneficiary, Wal-Mart Property Co., is a Delaware corporation with its principal place of business in Arkansas.

    We deem the evidence provided by appellees sufficient to establish that the Trust is a citizen of Delaware and Arkansas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1)

24-10626               Order of the Court                              3

(providing that a corporation is deemed a citizen of every state and foreign state in which it has been incorporated and of the state or foreign state where it has its principal place of business); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010) (providing that an unincorporated entity does not possess any citizenship on its own, but instead must adopt the citizenship of its members to prove diversity jurisdiction); *Riley v. Merrill Lynch, Pierce, Fenner & Smith*, 292 F.3d 1334, 1338-40 (11th Cir. 2002) (providing that where a trust is the real party, rather than its trustees, the trust adopts the citizenship of its beneficiaries), *overruled on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71 (2006). The supplemental evidence confirms that the parties were diverse and that the district court had subject matter jurisdiction in the first instance. *See* 28 U.S.C. § 1332(a); *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995).

Accordingly, this appeal MAY PROCEED. *See CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000). Appellees are DIRECTED to file in the district court notice of this order and the evidence of the Trust's citizenship provided on appeal.

Appellees' motion for leave to file a reply to the Appellants' response to the jurisdictional questions is GRANTED.